**WO** JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Eldon Rogers, ) | No. CV 04-2878-PHX-MHM (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| United States Immigration and Naturalization Service, ) | |
| Defendant. ) | |

Plaintiff James Eldon Rogers, who is confined in the Eyman Complex of the Arizona State Prison in Florence, Arizona, has filed a *pro se* "Motion" to compel the Immigration and Naturalization Service ("INS")[1] to immediately remove him from the United States. (Doc. #1). Plaintiff has also filed a Petition for Psychological Examination (Doc. # 4) and a Motion to Withdraw and Amend (Doc. # 6). The motions will be denied and the action will be dismissed.

**BACKGROUND**

Plaintiff is in state custody serving a life sentence on his first degree murder conviction. Plaintiff alleges that the INS served him with a document charging that he was subject to removal from the United States as an alien who has been convicted of an

---

[1] The INS ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the newly formed Department of Homeland Security on March 1, 2003. See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

1 aggravated felony. Plaintiff argues that the INS is now required to complete the process it 2 has started and he therefore seeks an order compelling the INS to take him into its custody 3 and immediately deport him from the United States.

4 Plaintiff asserts that this action "cannot be construed in anyway as a habeas action ... 5 and is not a civil action." Doc. # 1 at 9. Instead, he insists the action is a "request that the 6 INS follow the law as written, that the service complete the action it has itself began (sic)." 7 Id. In his subsequent Motion to Withdraw and Amend (Doc. # 6), Plaintiff requests that he 8 be allowed to withdraw his original pleading so that he may bring it as a habeas corpus 9 action. Arguably, this action is more appropriately brought as a petition for writ of 10 mandamus under 28 U.S.C. § 1361 because Plaintiff seeks to compel the INS to perform a 11 duty he claims it owes to him. See 28 U.S.C. § 1361 ("[t]he district courts shall have original 12 jurisdiction of any action in the nature of mandamus to compel an officer or employee of the 13 United States or any agency thereof to perform a duty owed to the plaintiff"). But the Court 14 need not decide which cause of action is more appropriate because Plaintiff has no private 15 right of action at all for the relief he seeks.

## DISCUSSION

17 The United States Attorney General "may not remove an alien who is sentenced to 18 imprisonment until the alien is released from imprisonment," unless the alien falls within one 19 of the specific statutory exceptions. 8 U.S.C. § 1231(a)(4)(A). The only exception that is 20 even arguably relevant to Plaintiff provides that:

21 The Attorney General is authorized to remove an alien . . . before the alien has completed a sentence of imprisonment —
22 . . . .
(ii) in the case of an alien in the custody of a State (or a political subdivision 23 of a State), if the chief State official exercising authority with respect to the incarceration of the alien determines that (I) the alien is confined pursuant to 24 a final conviction for a nonviolent offense (other than [certain firearms or explosive materials offenses]), (II) the removal is appropriate and in the best 25 interest of the State, and (III) submits a written request to the Attorney General that such alien be so removed.
26
8 U.S.C. § 1231(a)(4)(B). Here, Plaintiff does not allege that each of the conditions set forth 27 in § 1231(a)(4)(B)(ii) has been met. But even if those conditions have been met in his case,

1  Plaintiff does not have a private right of action to enforce the provision.  The removal statute
2  specifically provides that "[n]o cause or claim may be asserted under this paragraph against
3  any official of the United States or of any State to compel the release, removal, or
4  consideration for release or removal of any alien."  8 U.S.C. § 1231(a)(4)(D); see also United
5  States v. Aispuro, 127 F.3d 1133, 1134 (9th Cir. 1997) (holding that 8 U.S.C. § 1252(h),
6  redesignated as 8 U.S.C. § 1231(a)(4) by Illegal Immigration Reform and Immigrant
7  Responsibility Act of 1996, does "not create a private right of action that would allow a
8  convicted alien . . . to compel the Attorney General to deport him").  Accordingly, this action
9  has no arguable basis in law and it will be dismissed.

10  **IT IS ORDERED** that the "Motion" to Compel Removal (Doc. # 1) and this action
11  are **dismissed**.  The Clerk of Court shall enter judgment accordingly.

12  **IT IS FURTHER ORDERED** that Plaintiff's Petition for Psychological Examination
13  (Doc. # 4) and Motion to Withdraw and Amend (Doc. # 6) are **denied**.

14  DATED this 8th day of January, 2006.

_____
Mary H. Murgula
United States District Judge